IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DRAFT NOT FOR PUBLICATION

| | |
|---|---|
| JEFF BRAUN,<br><br>  Plaintiff,<br>v.<br><br>DANIEL S. SCHWARTZ and DALE WEINGARTEN, JOHN DOES 1 through 10 (fictitious individuals), and ABC ENTITIES 1 through 10 (fictitious entities),<br><br>  Defendants. | Civil Action No.<br><br>2:12-cv-06224-ES-SCM<br><br>**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**<br><br>**[D.E. 20]** |

## I. INTRODUCTION

Pending before the Court is defendant Dale Weingarten's ("Weingarten") motion for sanctions against plaintiff Jeff Braun ("Braun" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 11; and against Plaintiff's counsel, the law firm of McElroy Deutsch Mulvaney & Carpenter ("McElroy" or the "Law Firm"), pursuant to Rule 11, 28 U.S.C. § 1927, and the Court's plenary authority to sanction attorney conduct. (D.E. 20). Plaintiff opposes the motion. (D.E. 24). The Court has considered the parties' submissions pursuant to Federal Rule of Civil Procedure 78(b), and for the reasons set forth below denies Defendant's motion.

1

## II. BACKGROUND

In 2012 defendant Weingarten filed a complaint against plaintiff Braun in the Supreme Court of the State of New York in Washington County. (D.E. 1, Complaint at p 53). Plaintiff Braun subsequently initiated this action on "securities" claims. (D.E. 1, Complaint). Weingarten contends that this case is frivolous and was initiated in bad faith to deprive the New York court of jurisdiction by asserting baseless federal claims. (D.E. 20, at p 3). Also pending is defendant Weingarten's motion to dismiss Plaintiff's federal claims. (D.E. 10).

## III. DISCUSSION

"[D]istrict courts have broad authority to preserve and protect their essential functions." *Republic of Philippines v. Westinghous Electric Corp.*, 43 F.3d 65, 73 (3d Cir. 1994). The Federal Rules of Civil Procedure provide several tools that allow district courts to sanction parties or attorneys "who fail to meet minimum standards of conduct in many different contexts." Id. (citing e.g. Fed.R.Civ.P 11 (groundless pleadings and other papers); 16(f)(failing to abide by pre-trial orders); 26(g), 30(g), 37(d), and 37(g)(discovery abuses), 41(b) (involuntary dismissal for failure to prosecute, failure to obey court order or follow rules), 45(f)(disobeying subpoena), 56(g)(providing affidavit in bad faith on summary judgment

motion or for delay).  The District's Local Civil Rules provide additional tools "in furtherance of its inherent power and responsibility to supervise the conduct of attorneys who are admitted to practice before it…." L.Civ.R. 104.1.[1]

Congress has vested district courts with still more powers to police misconduct. Id. (citing e.g. 18 U.S.C. § 401 (contempt power), 28 U.S.C. § 1927 (punishing attorneys who vexatiously multiply proceedings).  These formal rules and statutory sources, however, do not "exhaust a district court's power to control misbehaving litigants." Id.  That is because "a district court has inherent authority to impose sanctions upon those who would abuse judicial process." Id. (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)).

## A. Inherent Authority

The Supreme Court explained in *Chambers* that a district court's inherent powers "are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers,* 501 U.S. at 43, 111 S.Ct. at 2132 (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962)). "A primary aspect of [a

---

[1] Discipline may be imposed for misconduct defined by Local Civil Rule 104.1 "for good cause shown" "after notice and [an] opportunity to be heard…."  L.Civ.R. 104.1(d)(1).

district court's] discretion is the ability to fashion an *appropriate* sanction for conduct which abuses the judicial process." I*d.* The purpose of such sanctions is to enable the Court to control its proceedings, the parties, and counsel, without resorting to the more drastic contempt sanction, and permits a court to sanction an "obstinate" party by shifting to it the fees that were incurred because of its disruptive tactics. Id. at 46.

Inherent powers, "[b]ecause of their very potency . . . must be exercised with restraint and discretion." *Chambers,* 501 U.S. at 44, 111 S.Ct. at 2132, 115 L.Ed.2d at 45. *Consequently,* a district court must ensure that there is an adequate factual predicate before flexing its substantial muscle under its inherent powers. *Republic of Philippines*, 43 F.3d at 74. It must also ensure that any sanction imposed is tailored to address the harm identified. Id.

When exercising these inherent powers, a court should be guided by the same considerations used in the imposition of sanctions under the Federal Rules. Id. For example, bad faith conduct is required for shifting counsel fees under the Federal Rules, and thus is an appropriate standard for shifting fees under inherent authority. Id. at 74 n.11. A finding of "bad faith conduct" is, however, not a prerequisite for the exercise of inherent authority when fee-shifting is not the sanction

4

imposed. Id. Thus, lesser sanctions may be imposed without a showing of bad faith.

The Third Circuit's procedure for sanctions prescribes that prior to a district court imposing sanctions, it first consider the conduct at issue and explain why the conduct warrants sanction. Id. at 74. The Circuit noted that a pattern of wrongdoing may require a stiffer sanction than an isolated incident; a grave wrongdoing may compel a more severe sanction than might a minor infraction; and wrongdoing that actually prejudices the wrongdoer's opponent or hinders the administration of justice may demand a stronger response than wrongdoing that, through good fortune or diligence of court or counsel, fails to achieve its untoward object. Furthermore, there may be mitigating factors that must be accounted for in shaping the court's response. [Id.]. Furthermore, any sanctions imposed should be imposed solely because of the attorney's own improper conduct without considering the conduct of the parties or any other attorney. Martin v. Brown, 63 F.3d 1252, 1265 (3d Cir. 1995).

"Second, having evaluated the conduct at issue, the district court must specifically consider the range of permissible sanctions and explain why less severe alternatives to the sanction imposed are inadequate or inappropriate." *Republic of Philippines*, 43 F.3d at 74.

5

The Circuit also explained in <u>Langer v. Monarch Lie Ins. Co.</u>, 966 F.2d 786, 811 (3d Cir. 1992) that "appropriate" sanctions "may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." Id. (quotations omitted).

B. **Rule 11 Sanctions**

Federal Rule of Civil Procedure 11 was designed to deter pleadings that are "frivolous, legally unreasonable, or without factual foundation . . . . " *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1090-91 (3d Cir. 1988) (internal quotations omitted). Under Rule 11(c), "the court may impose an appropriate sanction on any attorney, law firm, or party that violate[s] [r]ule [11(b)] or is responsible for the violation." Rule 11(b) states:

By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

  (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary

> delay, or needlessly increase the cost of
> litigation;
>
> (2) the claims, defenses, and other legal
> contentions are warranted by existing law or by
> a non-frivolous argument for extending,
> modifying, or reversing existing law or for
> establishing new law;
>
> (3) the factual contentions have evidentiary
> support or, if specifically so identified, will
> likely have evidentiary support after a
> reasonable opportunity for further
> investigation or discovery; and
>
> (4) the denials of factual contentions are
> warranted on the evidence, or if specifically
> so identified, are reasonably based on belief
> or a lack of information.

Fed. R. Civ. P. 11(b).

"Rule 11 imposes a non-delegable duty upon the signing attorney to conduct his own independent analysis of the facts and law which forms the basis of a pleading or motion." *Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1277 (3d Cir. 1994) (internal quotation marks and citation omitted). The rule "provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of the pleading." *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010) (*quoting Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)) (citation omitted). When evaluating conduct allegedly violative of Rule 11, "a district court must determine whether the attorney's conduct was objectively reasonable under the

7

circumstances." *Ario*, 618 F.3d at 297. The Third Circuit defines reasonableness as the "'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (*quoting Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990)). Significantly, the moving party is not required to make a showing of bad faith. *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995).

The Third Circuit has cautioned that the court should impose sanctions only "in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (*quoting Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987)); see also *Morristown Daily Record, Inc. v. Graphic Comm's Union Local 8N*, 832 F.2d 31, 32 n.1 (3d Cir. 1987) ("Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation"). Furthermore, even in those "exceptional circumstances" the court may, but is not required to impose sanctions. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (*citing Doering*, 857 F.2d at 194).

B. **Section 1927 Sanctions**

Section 1927 is directed against attorneys who willfully abuse judicial processes." *Matsushita Battery Indus. Co., Ltd. v. Energy Conversion Devices, Inc.,* 1997 WL811563, 8 (D.Del.) (D.Del. 1997). It is well settled in the Third Circuit that 28 U.S.C. § 1927 requires a finding of four elements for the imposition of sanctions: "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *LaSalle Nat'l Bank v. First Connecticut Holding Group,* 287 F.3d 279, 288 (3d Cir.2002). *See Also In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 278 F.3d 175, 180 (3d Cir.2002); *Hackman v. Valley Fair,* 932 F.2d 239, 242 (3d Cir.1991); *Williams v. Giant Eagle Markets, Inc.,* 883 F.2d 1184, 1191 (3rd Cir.1989); *Baker Industr. Inc. v. Cerberus, Ltd.,* 764 F.2d 204, 208 (3d Cir.1985). Moreover, "the principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." *Zuk v. Eastern Pa. Psychiatric Inst.,* 103 F.3d 294, 297 (3d Cir.1996)(citation omitted). *See In re Jazz Photo Corp.,* 312 B.R. 524, 540 (Bkrtcy.D.N.J.,2004). Imposing sanctions for misconduct by attorneys is a power which the "courts should exercise only in instances of a serious and studied disregard for the orderly process of justice." *Williams*

*v. Giant Eagle Markets, Inc.,* 883 F.2d 1184, 1191 (3d Cir.1989) (quoting *Overnite Transp. Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789, 795 (7th Cir.1983) (citation omitted)). A precondition to imposing attorneys' fees under § 1927 is a finding of "willful bad faith on the part of the offending attorney". *Id.* As the Third Circuit explained, "to justify the imposition of excess costs of litigation upon an attorney his conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation.

## IV. <u>ANALYSIS</u>

Defendant's Motion for Sanctions concern the propriety of Plaintiff's complaint. At the time of the filing of the instant Motion, defendant's motion to dismiss was pending. (D.E. 10). That motion is still pending and the resolution of that motion will obviously impact whether sanctions are appropriate. This motion is therefore premature.

If defendant prevails on the dismissal motion, he may find it appropriate at that time to seek leave to move for sanctions. Fed.R.Civ.Pro. 1.

## V. CONCLUSION

For the foregoing reasons, and good cause shown, the Court declines to impose sanctions.

IT IS on this 2nd day of August, 2013

**ORDERED** that Defendant's motion for sanctions is DENIED.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/2/2013 4:54:38 PM